IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EMMA HILL and WILLIAM HILL,

    Plaintiffs,

v.

KONECRANES, INC.; and MORRIS MATERIAL HANDLING, INC.,

    Defendants.

CIVIL ACTION NO.: 4:17-cv-165

## **O R D E R**

This matter comes before the Court on numerous filings by the parties. For the reasons set forth below, the Court **STAYS** this case so that it may consider the issues presented by the issues presented by these papers prior to any additional filings by the parties.

This lawsuit arises out of a crane accident that occurred on June 22, 2015. (Doc. 1-2, p. 6.) On that date, decedent Michael John Hill was operating a crane at his place of employment, International Paper Company. (Id.) According to Plaintiffs, the "brakes of [the] crane suddenly failed, the crane derailed, and the operator cab broke free from the trolley, causing the cab to flip upside down." (Id.) Mr. Hill was ejected from the cab and fell to his death. (Id.) Prior to this incident, Defendant Morris Material Handling, Inc. ("Morris Material") purchased the company that had manufactured and installed the crane at International Paper's plant. (See Doc. 48, p. 3.) Defendant Konecranes, Inc. ("Konecranes") later purchased Morris Material, overhauled and refurbished the crane, and entered into an agreement whereby Konecranes performed some repair and maintenance functions on International Paper's equipment. (See id.; doc. 32, pp. 2–3.)

Plaintiffs filed this lawsuit on February 21, 2017 in the State Court of Chatham County, (doc. 1-2), and Defendants subsequently removed the case to this Court, (doc. 1). Plaintiffs generally allege that the incident leading to Mr. Hill's death was caused by Defendants' negligence. (Doc. 1-2, pp. 8–9.) On January 29, 2019, Defendants filed a Motion for Summary Judgment arguing that the Court should grant summary judgment to them on all of Plaintiffs' claims. (Doc. 32.) Defendants argued that Plaintiffs could not establish the basic elements of a negligence claim: duty, breach of duty, and causation. (Id.) On that same date, Plaintiffs filed a Motion to Exclude the testimony and opinions of Defendants' expert, James Pritchett. (Doc. 31.) Those two motions have begotten a bevy of filings. After being granted an extension of time, Defendants filed an opposition to the Motion to Exclude on February 25, 2019, (doc. 46), to which Plaintiffs filed a Reply on March 11, 2019, (doc. 51). Meanwhile, after being granted their own extension of time, Plaintiffs filed a Response in opposition to the Motion for Summary Judgment on March 5, 2019. (Doc. 48.) Plaintiffs' opposition was replete with citations to the deposition testimony of their own experts as well as Defendants' expert, Mr. Pritchett. (Id. at pp. 4, 6, 7, 9, 10–11, 13–14, 16–19.)

On April 15, 2019, United States Magistrate Judge Christopher Ray granted Plaintiffs' Motion to Exclude Mr. Pritchett's opinions. (Doc. 53.) However, rather than stemming the tide of pleadings, that ruling only resulted in more filings. Defendants filed Objections to the Magistrate Judge's Order. (Doc. 55.) After Plaintiffs filed a Response to those Objections, (doc. 56), the Court overruled the Objections on June 21, 2019, (doc. 58). Then, on June 25, 2019, Plaintiffs filed another brief opposing Defendants' Motion for Summary Judgment. (Doc. 60.) Therein, Plaintiffs argued that developments since the filing of their original response, including the exclusion of Mr. Pritchett, undermine Defendants' arguments for summary judgment. (Id.)

On July 9, 2019, Defendants filed a Surreply in support of summary judgment seeking to rebut the arguments raised in Plaintiffs' latest response brief. (Doc. 63.)

Additionally, on July 17, 2019, Defendants filed a Motion for Extension of Time to Complete Discovery seeking additional time to designate Mr. Randy Kent as an expert. (Doc. 64.) Defendants "admit upfront" that they did not designate Mr. Kent sooner "due to the [their] ill-advised reliance on the viability of their former expert witness James Pritchett." (Id. at p. 5.) However, they request additional time as they now "find themselves without an expert in a case that very much needs an expert to assist the jury [to] understand the scientific and nuanced causes of the crane failure." (Id.) Plaintiffs oppose Defendants' Motion and filed a Response, arguing that allowing Defendants to add an expert at this late date, particularly considering the pending fully-briefed motion for summary judgment, would be improper. (Doc. 66.) On August 6, 2019, Defendants filed a Reply reiterating their arguments for reopening discovery. (Doc. 68.)

Given the tortuous and voluminous history of filings in this case, the Court finds it proper to **STAY** this case until further order of the Court. This stay will enable the Court to assess the numerous intertwined issues pending before the Court including but not limited to what impact, if any, the exclusion of Defendants' expert and Defendants' effort to add an additional expert has on Defendants' Motion for Summary Judgment[1] and whether the Court should address Defendants' Motion for Extension of Time before or after addressing their Motion for Summary Judgment.

---

[1] While Defendants filed their Motion for Summary Judgment on January 29, 2019, the earliest date of ripeness as to this Motion is July 9, 2019, the date of Defendants' Surreply, (doc. 63), which is the parties' latest pleading on the Motion. Further, the Motion may still not be ripe if Defendants' effort to obtain an additional expert impacts the parties' arguments for and against summary judgment.

3

The parties are prohibited from filing any pleadings, motions, briefs, or other papers during this stay without prior leave of the Court and upon a showing of extraordinary cause.[2]

**SO ORDERED**, this 27th day of September, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] This stay does not prohibit the parties from completing already-initiated discovery measures.